# SUPERIOR COURT OF BALTIMORE CITY.

Filed December 13, 1911.

WILLIAM B. LITTLETON
VS.
JOHN E. GEORGE, COMMISSIONER OF MOTOR VEHICLES OF MARYLAND.

*Wagaman & Wagaman* and *H. M. Henrix* for plaintiff.
*Attorney-General Isaac Lobe Straus* for defendant.

GORTER, J.—

There is but one question in this case, and that is, does the automobile law passed by the legislature, at its session of 1910, direct the Commissioner of Motor Vehicles to deliver the metal plates or markers that the law requires to be attached to the automobile, at the residence of the owner of the car, or does it make the place of delivery the office of the commissioner.

Section 133 of the Act of 1910, after providing for the application by the owner, and the issuing thereon of the certificate of registration, declares, "Said Commissioner shall also without expense to the applicant, issue and deliver to such owner two duplicate metal plates or markers, bearing the letters "Md.," and the number or mark assigned to such motor vehicles as aforesaid, the figures thereon to be not less than five inches high, and each stroke to be not less than one-half inch in width. Such plates or markers shall be of a distinctly different color or shade each year to be designated and selected by the Commissioner of Motor Vehicles, and there shall be at all times a marked contrast between the color of the plates and that of the numerals or letters thereon." The petitioner argues that the above language quoted, taken in connection with the context of the act, and the spirit that should pervade such legislation, means that the plates

164

or markers should be delivered at the residence of the owner of the automobile.

First. Because Section 133, when it speaks in regard to the certificate of registration, which the owner is required always to keep with the motor vehicle only, says: "Shall issue to the owner," while further down in the section when speaking about the plate or marker the language is: "Said commissioner shall also, without expense to the applicant, issue and deliver to such owner two duplicate metal plates or markers." This difference in language is explained by the fact that there is some expense attached to the making of the markers, and only a nominal one to the printing of the certificates. I think strength is added to this view by the fact if a marker is lost, the owner has to bear the expense of a duplicate. See Section 134. And if a manufacturer desires a general distinguishing number to be used on different vehicles. he has to pay the cost of such marker. See Section 135.

Second. Because as the first part of Section 133 requires the owner in his application to give his name, residence and post office address, it is fair to infer that the same is required, so that the marker may be sent to him. But we see that the object of this requirement is to ascertain these facts, so as to write the name in his certificate as a means of identification.

The section says, the certificate shall contain the name, place of residence and post office address of the owner, etc., and the same shall always be carried with the motor and subject to inspection by any proper officer.

Third. It is urged that it is an unfair discrimination in favor of the residents of Baltimore as against the residents of Hagerstown, Cumberland, or other distant places, to say that the delivery shall be at Baltimore and not at the residence of the owner. This is true, and it may make a difference of 25 or 50 cents.

But on the other hand the owner may dwell in any part of the United States and would it not be putting quite a burden upon all the people of the State to compel the delivery of the markers in any part of the country.

It seems to me that when we consider that the law fixes the office of the Commissioner in Baltimore city,

the most central part of the State, and the place where the great majority of owners of automobiles reside, and then requires that office to be open to the public at and for such hours as the Governor directs, it means that that is the place for the general transaction of business, including the delivery of the markers. Nor is there any intimation in the act that the residence of the owner should be the place of delivery. Why not his place of business? Why not the garage where he keeps his automobile? Why not any place he may designate or prefer?

It seems reasonable to consider that in the absence of express language designating other place or places, that his office is the place at which the statute requires the commissioner to deliver the markers without expense to the applicant.